[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13270
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00186-PGB-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL OMAR SEPULVEDA-SANTIAGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 7, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Rafael Sepulveda-Santiago (Sepulveda) appeals his 30-month, above-guideline sentence, imposed following the revocation of his supervised release. Sepulveda argues the district court imposed a procedurally unreasonable sentence when it considered the factors provided in 18 U.S.C. § 3553(a)(2)(A), which he claims was impermissible under 18 U.S.C. § 3583, which governs the revocation of supervised release. He further argues his sentence was substantively unreasonable because the district court failed to conduct a breach-of-trust analysis and committed an error in judgment in weighing the relevant sentencing factors. After review, we affirm.

## I.  DISCUSSION

### A.  Procedural Reasonableness

As to Sepulveda's claim the district court imposed a procedurally unreasonable sentence when it impermissibly considered § 3553(a)(2)(A) in the context of his revocation proceeding, he acknowledges he did not raise this objection below, and we therefore review the procedural reasonableness of his sentence only for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) ("[B]ecause [the defendant] did not object to the procedural reasonableness at the time of his sentencing, we review for plain error."). The plain error standard requires the defendant to show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness,

2

integrity, or public reputation of judicial proceedings. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

We previously have concluded that a district court's consideration of § 3553(a)(2)(A) in the supervised-release revocation context was not plain error. *See* 754 F.3d at 1308-09. Specifically, we concluded in *Vandergrift* that "[t]he text of § 3583(e) does not . . . explicitly forbid a district court from considering § 3553(a)(2)(A)." *Id.* We also noted the Supreme Court had not addressed whether it was an error to consider § 3553(a)(2)(A) in the revocation context, other circuits were split on the issue, and we had not addressed the issue in a published opinion. *Id.* at 1308. The same analysis applies here, as there has been no intervening decision from this Court or the Supreme Court definitively addressing this issue. It remains the case that § 3583(e) does not explicitly forbid a district court's consideration of the factors provided in § 3553(a)(2)(A), and, given the lack of precedent addressing the issue, any alleged error could not have been plain.

## B. Substantive Reasonableness

After determining that a district court's sentence was procedurally reasonable, we review the substantive reasonableness of the sentence under the abuse of discretion standard and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). As the party challenging the substantive reasonableness of his sentence, Sepulveda bears the burden of establishing that the

sentence is unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). He has failed to meet this burden.

Sepulveda argues the district court did not conduct a proper breach-of-trust analysis, instead focusing too heavily on the leniency of his original sentence and the inflammatory facts of an earlier revocation petition, but the record suggests otherwise. When viewed in proper context, the district court's comments are consistent with a breach-of-trust analysis. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b) (explaining that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator"). While the court certainly reviewed Sepulveda's history—including the facts supporting three prior petitions for revocation of his supervised release—it ultimately did so in support of its conclusion that "supervised release is not something [Sepulveda] take[s] seriously."

To the extent Sepulveda argues the district court otherwise improperly weighed the § 3553(a) factors in fashioning its sentence, the record, again, belies his assertion. The court had discretion to decide the weight it gave to different factors, and there was ample evidence supporting explicitly permissible factors under § 3583(e), such as the substantial need to deter him from further violations

4

and to protect the public. *See Rosales-Bruno*, 789 F.3d at 1254; 18 U.S.C. § 3583(e). In light of the multiple opportunities Sepulveda had been given to reform himself, and his consistent failure to comply with the terms of his supervised release, the court reasonably concluded that "[t]o impose a sentence within the guidelines would defeat the purposes of deterrence."

Additionally, Sepulveda's sentence was well below the statutory maximum, another indication of its substantive reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Under the totality of the circumstances, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

## II.  CONCLUSION

Accordingly, Sepulveda's sentence was procedurally and substantively reasonable, and we affirm.

**AFFIRMED.**